IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALFONZO MEZA,<br>　　Petitioner, | § § § | |
| VS. | § § | Civil Action No. 4:13-CV-052-Y |
| RODNEY W. CHANDLER, Warden,<br>FCI-Fort Worth,<br>　　Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Alfonzo Meza, Reg. No. 07093-078, is a federal prisoner incarcerated in FCI-Fort Worth in Fort Worth, Texas.

Respondent Rodney W. Chandler is Warden of FCI-Fort Worth.

#### C. PROCEDURAL HISTORY

Petitioner is serving a 360-month term of imprisonment for his 1999 drug related convictions in the United States District Court for the Eastern District of Texas, Sherman Division. *United*

*States v. Meza*, U.S. Pacer, Criminal Docket for Case No. 4:98-CR-47-RAS-DDB-10. Petitioner appealed his convictions and sentence and has filed a plethora of motions to reduce, vacate, set aside or correct his sentence in the convicting court and a prior § 2241 petition for habeas relief challenging his sentence in this district, where he continues to serve sentence. *Id.*; *Meza v. Tamez*, U.S. Pacer, Civil Docket for Case No. 4:09-CV-147-A.

Petitioner asserts he is actually innocent of his 360-month sentence because the trial court enhanced his sentence under the federal sentencing guidelines based on judge-found facts (such as drug quantity and that the drugs caused death or serious bodily injury), not found by the jury beyond a reasonable doubt. He relies upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005), in support of his claim.[1] The government has filed a response seeking dismissal of the petition for lack of jurisdiction. (Resp't Resp. at 2-5)

## D. Discussion

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his sentence. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federally imposed sentence may be considered, under the so-called "savings clause" of § 2255(e), if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v.*

---

[1] In *Booker*, a majority of the Supreme Court extended to the federal Sentencing Guidelines the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004): pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. A different majority of the Court then excised certain statutory provisions that made the Guidelines mandatory, thereby rendering the Guidelines advisory only. *Id.* at 264-68.

*Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) that was foreclosed by circuit law at the time when the claim should have been raised at trial, on appeal, or in a first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Although petitioner asserts he is challenging the manner in which his sentence is being executed and seeks to proceed under § 2241, he has not shown that the remedy available under § 2255 is inadequate or ineffective. The *United States v. Booker*, 543 U.S. 220 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), lines of authority do not apply retroactively to cases on collateral review. *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005).

Further, petitioner has raised the same or similar argument to no avail on direct appeal and in a § 2255 motion to vacate in the convicting court. *United States v. Solis*, 299 F.3d 420, 447-50 (5th Cir. 2002). He cannot rely on § 2241 to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (holding that prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Toliver*, 211 F.3d at 878 (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective)).

Finally, petitioner's claim that he is actually innocent of his 360-month sentence is not a claim of actual innocence of the crime of conviction and, thus, does not warrant review under § 2241. *Kinder v. Purdy,* 222 F.3d 209, 213-14 (5th Cir. 2000).

Petitioner has not provided any valid reason why the § 2255's remedy is either inadequate or ineffective or made the showing required to invoke the savings clause of § 2255 as to the claims presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to consider the petition. *See Padilla,* 416 F.3d at 427; *Christopher v. Miles,* 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 21, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that

are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until June 21, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 31, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE